**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DENISE ANN GARRETTE,**

    **Plaintiff,**

**v.**                                     Case No: 8:11-CV-2597-T-27EAJ

**ATTORNEY GENERAL, STATE OF FLORIDA,**
et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is pro se Plaintiff's **Affidavit of Indigency** (Dkt. 2), which the court construes as a motion for leave to proceed in forma pauperis.

### Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) ) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain: (1) a short

and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Here, the majority of Plaintiff's twenty-seven-page complaint is dedicated to a recitation of the laws dealing with government intelligence gathering and generalized factual allegations regarding government surveillance programs. The complaint also asserts the bare allegation that Defendants violated Plaintiff's constitutional rights by performing a surgical procedure that implanted her with a biomedical surveillance device.

The complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief, and it does not allege enough facts to state a claim for relief that is plausible on its face.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's motion to proceed in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint that invokes this court's jurisdiction and states a claim under federal law or state law over which this court has jurisdiction; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter without further notice. See Local Rule 3.10(a), M.D. Fla.

**Date: November 28, 2011**

*Elizabeth S. Jenkins* (signature)

ELIZABETH A JENKINS
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
<u>Pro</u> <u>Se</u> Plaintiff
District Judge