UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DENISE ANN GARRETTE,**

    **Plaintiff,**

v.                                                                 Case No: 8:11-CV-2597-T-27EAJ

**ATTORNEY GENERAL, STATE OF FLORIDA,**
et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is pro se Plaintiff's **Application to Proceed Without Prepaying Fees or Costs** (Dkt. 6) and **Affidavit of Indigency** (Dkt. 7), which the court construes as a motion for leave to proceed in forma pauperis.[1]

### Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Rule 12(b)(6), Fed. R. Civ. P., governs the dismissal of complaints under § 1915(e)(2)(B)(ii)

---

[1] The District Judge referred the motion to the undersigned for a report and recommendation (Dkt. 6).

for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

**Discussion**

On November 28, 2011, the undersigned recommended that Plaintiff's first motion to proceed in forma pauperis be denied as her complaint failed to comply with the Federal Rules of Civil Procedure. Plaintiff has since filed a second motion to proceed in forma pauperis and an amended complaint, which are currently before the court.

Plaintiff's second affidavit states that Plaintiff is currently unemployed and has one dependent. Plaintiff has a monthly rent obligation of $573 and has $53,572 in student loan debt though monthly payments on her student loans are currently deferred. The affidavit states that Plaintiff has $94.34 in savings and has received $4,360.40 from other sources (student loans) in the past twelve months. The affidavit lists no other monies received in the past twelve months. However, this is inconsistent with Plaintiff's first affidavit, which indicates that in July 2011, Plaintiff received $12,529.54 in settlement proceeds and that Plaintiff receives $200 per month in welfare aid as well as $88 in biweekly child support payments. Considering these inconsistencies, the accuracy of Plaintiff's amended affidavit may reasonably be questioned. Therefore, before

Plaintiff is allowed to proceed in forma pauperis, she should be required to file an amended affidavit that accurately reflects her financial status.

Further, Plaintiff's amended complaint is subject to dismissal because it fails to comply with the Federal Rules of Civil Procedure. The majority of Plaintiff's eighteen-page amended complaint is dedicated to generalized factual allegations regarding government surveillance and intelligence-gathering programs. The complaint also alleges that Defendants violated Plaintiff's constitutional rights by performing a surgical procedure that implanted her with biomedical surveillance devices under the authority of various federal agencies.[2]

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the Rules require no technical form for pleading, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Plaintiff's complaint is "a quintessential 'shotgun' pleading replete with factual allegations and rambling legal conclusions." Osahar v. United States Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished). As such, the complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief, and it does not allege enough facts to state a claim for relief that is plausible on its face. Although complaints are construed more liberally in pro se actions, Plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837

---

[2] The undersigned notes that Plaintiff has filed similar complaints in other cases in the Middle District, including: (1) Denise Ann Garrette v. Attorney General, State of Florida, et al., 11-CV-2465-T-26TGW (M.D. Fla.); and (2) Denise Garrette v. Dr. David Karp, et al., 11-CV-2463-T-33MAP (M.D. Fla.). In both of those cases, Plaintiff filed motions to proceed in forma pauperis that were denied.

3

(11th Cir. 1989).

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's motion to proceed in forma pauperis (Dkt. 6) be **DENIED WITHOUT PREJUDICE**;

(2) Plaintiff be granted an opportunity to file an amended complaint that invokes this court's jurisdiction and states a claim under federal or state law; and

(3) Plaintiff's failure to timely file an amended complaint result in dismissal of this matter. See Local Rule 3.10(a), M.D. Fla.

**Date: December 22, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Plaintiff
District Judge

4